IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARREN TERRELL TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:25-cv-807-JTA ) (WO) |
| G.A. FOOD SERVICE OF PINELLAS COUNTY, LLC, PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, and PMA MANAGEMENT CORP., | ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

On October 15, 2025, the Court "[ordered] that, on or before October 22, 2025, Defendants shall file a supplement to the notice of removal clearly stating the **identity** and **citizenship** of each **member** of Defendant [G.A.] Food Services of Pinellas County, LLC." (Doc. No. 8 at 2 (emphasis added).) On October 22, 2025, Defendant G.A. Food Service of Pinellas County, LLC, filed a supplemental conflict disclosure statement. (Doc. No. 14.) Defendant G.A. Food Service of Pinellas County, LLC, stated its supplemental conflict disclosure statement was intended to serve as Defendants'[1] response to the October 15, 2025 Order. (Doc. No. 14 at 1.) However, the supplemental conflict disclosure statement does not comply with the October 15, 2025 Order, which required Defendants to **identify the members** of Defendant G.A. Food Service of Pinellas County, LLC, **and identify the**

---

[1] Defendants share the same counsel.

**citizenship of those members**. (Doc. No. 8 at 2.) Contrary to the Court's express instructions, the supplemental conflict disclosure statement identifies **only the owner** of Defendant G.A. Food Service of Pinellas County, LLC, **not its members and their citizenship**.

"A limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "[M]embership, not ownership, . . . is critical for determining the citizenship of an LLC." *Post v. Biomet, Inc.*, No. 3:20-CV-527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020) (collecting cases). "[T]he terms 'owner' and 'member' have sometimes been used synonymously with respect to limited liability companies," but "these terms are not always interchangeable." *Id*. Hence, "the [c]ourt is unable to presume" allegations regarding limited liability ownership are sufficient to establish membership or, by extension, the existence of diversity jurisdiction. *Id*. Therefore, as the Court explained to Defendants in the October 15, 2025 Order, the notice of removal was insufficient to establish jurisdiction because it identified the only **owner** of Defendant Georgia Food Services of Pinellas County, LLC. (Doc. No. 8 at 2 & n.1 (citing cases and explaining why the notice of removal failed to establish diversity jurisidiction).

By filing the notice of removal, Defendants elected to defend this action in this Court. Therefore, they have the burden of establishing the existence of diversity jurisdiction and are obligated to comply with this Court's orders. *See Rolling Greens*, 374 F.3d at 1022 ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."). Defendants have not.

Accordingly, it is ORDERED as follows:

1. **On or before November 10, 2025,** Defendants shall show cause why they failed to comply with the October 15, 2025 Order (Doc. No. 8) by failing to supplement the notice of removal by clearly identifying **the members of Defendant G.A. Food Service of Pinellas County, LLC's and their citizenship**.

2. **On or before November 10, 2025,** Defendants shall show cause why this action should not be remanded for failure to establish complete diversity.

*Failure to comply with this Order may result in sanctions or remand of this action for failure to establish the existence of subject matter jurisdiction.*

DONE this 3rd day of November, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE