IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARREN TERRELL TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:25-cv-807-JTA |
| | ) (WO) |
| G.A. FOOD SERVICE[1] OF PINELLAS | ) |
| COUNTY, LLC, PENNSYLVANIA | ) |
| MANUFACTURERS' ASSOCIATION | ) |
| INSURANCE COMPANY, and PMA | ) |
| MANAGEMENT CORP., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is the supplemental conflict disclosure statement Defendant G.A. Food Service of Pinellas County, LLC, filed on October 22, 2025. (Doc. No. 14.) The supplemental statement does not provide the information required by Rule 7.1(a)(2)(A) of the Federal Rules of Civil Procedure or the Middle District of Alabama's General Order No. 3047, both of which require Defendant G.A. Food Service of Pinellas County, LLC, to **identify its members**. The supplemental statement identifies **only the owner** of Defendant G.A. Food Service of Pinellas County, LLC, **not its members and their citizenship**.

---

[1] Defendant G.A. Food Service of Pinellas County, LLC is incorrectly named in the complaint as "G.A. Food Services of Pinellas County, LLC." (*See* Doc. No. 14 (in which this Defendant self-identifies as "G.A. Food Service of Pinellas County, LLC").) The Clerk of the Court is DIRECTED to correct the docket sheet.

One purpose of Rule 7.1(a)(2) is "to facilitate an early and accurate determination of jurisdiction" in diversity cases. Fed. R. Civ. P. 7.1 advisory committee note to 2022 amendment. The court has already notified Defendant G.A. Food Service of Pinellas County, LLC, that failing to name its **members** is insufficient for establishing its citizenship for purposes of demonstrating complete diversity. (*See* Doc. No. 8 at 2 n.1 (citing cases and explaining that, in the notice of removal, Defendants failed to properly demonstrate complete diversity of citizenship because they "identif[ied] and state[d] the citizenship of the members of the LLC that owns Defendant [G.A.] Food Service[] of Pinellas County, LLC, but they do not identify and state the citizenship of the members of Defendant [G.A.] Food Service[] of Pinellas County, LLC, itself").) "It is membership, not ownership, that is critical for determining the citizenship of an LLC." *Post v. Biomet, Inc.*, No. 3:20-CV-527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020) (collecting cases). "[T]he terms 'owner' and 'member' have sometimes been used synonymously with respect to limited liability companies," but "these terms are not always interchangeable." *Id*. Hence, "the [c]ourt is unable to presume" allegations regarding limited liability ownership are sufficient to establish membership or, by extension, the existence of diversity jurisdiction. *Id*.

In removing this case to federal court, Defendants elected to litigate in a forum governed by the Federal Rules of Civil Procedure. So long as the case is litigated here, all parties are expected to abide by those Rules. Yet, in less than two weeks since joining the notice of removal, this is the second time Defendant G.A. Food Service of Pinellas County,

LLC, has failed to comply with the Federal Rules of Civil Procedure. (*See* Docs. No. 10, 12, 13.)

Accordingly, it is ORDERED that, **on or before November 10, 2025,** Defendant G.A. Food Service of Pinellas County, LLC, shall file an updated conflict disclosure statement that complies with Rule 7.1 and the Middle District of Alabama's General Order No. 3047. To aid in compliance with the applicable rules and court orders, Defendant G.A. Food Service of Pinellas County, LLC, shall use the conflict disclosure form available at https://www.almd.uscourts.gov/forms.

*Failure to comply with this order may result in sanctions or remand of this action for failure to establish the existence of subject matter jurisdiction.*

DONE this 3rd day of November, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE