IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARREN TERRELL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-807-JTA |
| | ) | (WO) |
| G.A. FOOD SERVICE OF PINELLAS | ) | |
| COUNTY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Before the Court[1] is the motion to remand filed by Defendants G.A. Food Service of Pinellas County, LLC, Pennsylvania Manufacturers' Association Insurance Company, and PMA Management Corp.[2] (Doc. No. 18.) For the reasons set forth below, the motion is due to be granted.

**I.  FACTS AND PROCEDURAL HISTORY**

On September 3, 2025, Plaintiff filed a complaint in the Circuit Court for Houston County, Alabama. (Doc. No. 1-1 at 2–8.) As a result of an on-the-job vehicle accident on February 3, 2022, Plaintiff suffered a spinal cord injury, which rendered him a tetraplegic and 100% vocationally disabled. (*Id.* at 3.) Plaintiff filed a worker's compensation claim against Defendants, which settled on June 3, 2025. (*Id.* at 5.) Plaintiff alleges that during

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Doc. No. 15.)

[2] Defendants filed a motion to withdraw removal on November 10, 2025.  The Court construed that motion as a motion to remand. (*See* Doc. No. 19.)

his claim, Defendants engaged in "extreme and outrageous" conduct that caused him "severe emotional distress." (*Id.* at 6.) Plaintiff brings state law claims for the tort of outrage, and seeks compensatory damages, punitive damages, and costs. (*Id.* at 7.)

On October 8, 2025, Defendants removed the case to this Court. (Doc. No. 1.) In the notice of removal, Defendants contend removal is proper because complete diversity between the parties exists and the amount in controversy exceeds $75,000. (*Id.*) Defendants assert (1) Plaintiff is a citizen of Alabama; (2) Defendant Pennsylvania Manufacturers Association Insurance Company is a Pennsylvania Corporation; (3) Defendant PMA Management Company is a Pennsylvania Corporation; (4) Defendant G.A. Food Services of Pinellas County, LLC is headquartered in Florida, and is owned by Linden Ventures, LLC, which is also headquartered in Florida; and (5) the three members of Linden Ventures, LLC reside in Florida and California. Defendants allege complete diversity exists between Plaintiff and Defendants.

On October 15, 2025, the Court ordered Defendants to file a supplement to the notice of removal "clearly stating the identity and citizenship of each member of Defendant [G.A.] Food Services of Pinellas County, LLC." (Doc. No. 8 at 2.) Defendants' response did not comply with the order. (Doc. No. 14.) Rather, the response only repeated the owner of Defendant G.A. Food Services of Pinellas County, LLC is Linden Ventures, LLC and repeated the owner's three members. (*Id.*) The Court then ordered Defendants to show cause why they failed to comply with the October 15, 2025

2

order. (Doc. No. 16.) In response, Defendants filed a motion to withdraw removal. (Doc. No. 18.)

On November 13, 2025, the Court construed the motion to withdraw removal as a motion to remand and issued an order requiring Defendants to show cause why their motion should be granted. (Doc. No. 19.) The order also required Plaintiff to file a response. (*Id*.) Defendants filed a meager response, stating only "at this time a remand would not be appropriate." (Doc. No. 20.) Defendants provided no further explanation or supporting authority for their simple, conclusory assertion. (*Id*.) Likewise, Plaintiff filed a sparse response, stating merely "[j]urisdiction is proper and the Plaintiff wishes to remain before this Court." (Doc. No. 21.) Plaintiff provided no further explanation or supporting authority for his simple, conclusory assertion. (*Id*.)

The motion is ripe for review.

## II.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Exec. Comm. of Fla.*, 719 F.2d 1072, 1076 (11th Cir. 1983). Federal courts only have the power to hear cases they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Thus, a lawsuit filed in state court may be removed to federal court based on either diversity

jurisdiction[3] or federal question jurisdiction.[4] *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

The removing party has the burden of establishing this Court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1355 (11th Cir. 1996)).

### III.  DISCUSSION

Defendants elected to remove this action to this Court; therefore, they have the burden of establishing the existence of diversity jurisdiction. *See Rolling Greens MHP, L.P., v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). Defendants have not satisfied their burden.

Defendants were ordered to identify the **members** of Defendant G.A. Food Service of Pinellas County, LLC and to identify the **citizenship** of those members. (Docs. No. 8, 16.) Defendant only proffered the identification of Linden Ventures LLC as its

---

[3] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332.

[4] Federal question jurisdiction exists if the suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

**owner** and Linden's three members. (Doc. No. 14.) "A limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens*, 374 F.3d at 1022. "[M]embership, not ownership, . . . is critical for determining the citizenship of an LLC." *Post v. Biomet, Inc.,* No. 3:20-CV-527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020). "[T]he terms 'owner' and 'member' have sometimes been used synonymously with respect to limited liability companies," but "these terms are not always interchangeable." *Id.* The court cannot presume that limited liability ownership is synonymous with membership. *Id.* Because Defendants have failed to identify the members of Defendant G.A. Food Services of Pinellas County, LLC, they have failed to establish that every defendant is diverse from Plaintiff. Defendants have failed to carry their burden of demonstrating that the Court has subject matter jurisdiction over this case based on the diversity of citizenship of the parties. *See Johns v. Progressive Express Ins. Co.*, No. 6:19-cv-1127-Orl-37LRH, 2019 WL 5110666, at *2 (M.D. Fla. Aug. 23, 2019), *report and recommendation adopted*, No. 6:19-cv-1127-Orl-37LRH, 2019 WL 5110611 (M.D. Fla. Sept. 10, 2019). Accordingly, this matter is due to be remanded to state court.

## IV.  CONCLUSION

Based on the foregoing, this case is due to be remanded for want of subject matter jurisdiction. Defendants' motion to remand (Doc. No. 18) is due to be granted.

A separate order will issue.

DONE this 9th day of March, 2026.


_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE